# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

Cormier, et al                  Civil Action No. 6:16-01438

versus                          Judge Elizabeth E. Foote

Soroa, et al                  Magistrate Judge Carol B. Whitehurst

## ORDER

Before the Court is an unopposed[1] Rule 12(b)(2) Motion To Dismiss filed by defendant, L&L Insurance Agency[2] ("L&L") [Rec. Doc. 29]. For the reasons that follow, the Court will grant the Motion.

### *I. Background*

This personal injury lawsuit arises from an automobile accident that occurred on January 21, 2104. Plaintiffs, Christine Cormier, individually and on behalf of Aaron Cormier, and Byron Cates, individually and on behalf of Grace Cates, instituted this action in the 27th Judicial District Court, Parish of St. Landry, Louisiana against defendants Ubaldo Soroa ("Soroa"), L&L and Wilshire Insurance Company ("Wilshire"). *R. 1*. On October 13, 2016, Wilshire removed the lawsuit to this Court. *Id.*

Plaintiffs allege in their Petition for Damages that Soroa, on behalf of Hawk Logistics was provided a policy of automobile liability insurance by L&L Insurance Company ("L&L") through his employer, Hawk Logistics and or through SOL

---

[1]Pursuant to LR 7.5, any opposition by Plaintiffs was due by November 29, 2017.

[2] Plaintiffs' Original Petition named L&L incorrectly as "L&L Insurance Company." *R. 1-1*. The First Supplemental and Amending Petition correctly named the entity as "L&L Insurance Agency." *R. 1-1*.

Express Inc.[3] *R. 1, ¶¶ 7,9*. In its Motion, L&L cites the affidavit of the company vice president, Yamileth Leon.[4] The record provides that "L&L is an insurance 'broker' which secures insurance coverage for its client(s) and customer(s)." *R. 29-3, Affidavit of Leon.* Leon states that L&L is a North Carolina domestic corporation having its principal place of business in Lincolnton, North Carolina and is only licensed to broker/sell insurance in the states of North Carolina, South Carolina and Florida, and is not licensed in Louisiana. *Id.* Leon further states that L&L has no offices nor any present and active employees in the State of Louisiana. *Id.* L&L does not pay any form of taxes in Louisiana and has no business activity nor any contacts with Louisiana. *Id.* Finally, Leon avers that L&L's marketing is not directed towards or intended for Louisiana residents.

## *II. Rule 12(b)(2) Standard*

"Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." *Luv N'care, Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the plaintiff need only make a prima facie showing of personal jurisdiction. *Guidry v. U.S. Tobacco, Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999). "The allegations of the complaint, except insofar as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be

---

[3] Hawk Logistics and Sol Express Inc. were named as defendants but terminated pursuant to LR 41.3 for failure to serve. *R. 27.*

[4] Yamileth Leon attests that she is "the Vice President of L&L Insurance Agency." *R. 29-3, ¶ 2.*

resolved in favor of the plaintiff[ ] for purposes of determining whether a prima facie case for personal jurisdiction has been established." *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985). "In determining whether personal jurisdiction exists, the trial court is not restricted to a review of the plaintiff's pleadings." *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996). The Court may consider matters outside the complaint, including affidavits, interrogatories, depositions, or any combination of the recognized methods of discovery. *Id.* Jurisdiction over a non-resident defendant is proper when (1) the defendant is amenable to service of process under the long-arm statute of the forum state and (2) the exercise of personal jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment. *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990). In the instant case, "these two inquiries merge into one because Louisiana's long-arm statute permits service of process coterminous with the scope of the due process clause." *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (reversed in part on other grounds) *citing* La. R.S. 13:3201(B). "The Due Process Clause of the Fourteenth Amendment protects a corporation, as it does an individual, against being made subject to "the binding judgments of a forum with which it has established no meaningful 'contacts, ties, or relations.'" *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 5th Cir. 2012). A court may exercise personal jurisdiction over a non-resident defendant when "(1) that defendant has purposefully availed itself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state and (2) the exercise of personal jurisdiction over that defendant does not offend 'traditional notions of fair

3.

play and substantial justice.'" *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) *quoting Int'l Shoe*, 326 U.S. at 316.

"Minimum contacts" can be established through specific jurisdiction or general jurisdiction. *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). Specific personal jurisdiction exists (1) when a defendant has purposely directed its activities, or availed itself of the privileges of conducting its activities, toward the forum state; (2) the controversy arises out of or is related to those activities; and (3) the exercise of jurisdiction is fair, just, and reasonable. *Nuovo Pignone, SpA,* 310 F.3d 378 *citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). General personal jurisdiction exists when the defendant has engaged in continuous and systematic activities in the forum state, regardless of whether such activity is related to the plaintiff's cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984).

"If a nonresident defendant has sufficient related or unrelated minimum contacts with the forum, we must then consider whether the 'fairness' prong of the jurisdictional inquiry is satisfied." *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). The fairness inquiry is determined by analyzing several factors: (1) the burden upon the nonresident defendant of litigating in the forum state; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the judicial system's interest in obtaining an efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies. *Bullion v. Gillespie*, 895 F.2d 213, 216 n.5 (5th Cir. 1990).

### III. Analysis

Though Plaintiffs have not filed an opposition, the Court may not simply grant the motion as unopposed. The Fifth Circuit has stated, "[F]ailure to oppose a 12(b)(6) motion is not in itself grounds for granting the motion. Rather, a court assesses the legal sufficiency of the complaint." *See, e.g., Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012).

In their Original Petition, Plaintiffs make the conclusory allegation that L&L is a foreign insurer authorized to do and doing business in Louisiana. *R. 1-1*. "The court is not obligated to credit conclusory allegations, even if uncontroverted." *Lansing Trade Grp., LLC v. 3B Biofuels GmbH & Co., KG*, 612 F. Supp. 2d 813, 819 (S.D. Tex. 2009). The affidavit of Leon filed into the record by L&L provides that L&L never provided any insurance coverage to any of the defendants and never had contact of any kind with the state of Louisiana. Plaintiffs have submitted no evidence to contradict this statement. Accordingly, the Court finds that Plaintiffs have failed to make out a prima facie case of personal jurisdiction with regard to L&L.

### IV. Conclusion

For the foregoing reasons, Defendant L&L Insurance Agency's Motion to Dismiss is **GRANTED** and all claims against it are **DISMISSED WITHOUT PREJUDICE**.

Thus done and signed this 5th day of December, 2017 at Lafayette, Louisiana.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**